the assistance of only one other person?" This was answered affirmatively.

The third special issue is: "Do you find from the preponderance of the evidence that said switch tie could not be safely handled by two men?" This was answered negatively.

The court then charged:

"If you have answered special issue two or three or either of them yes, then you will proceed to answer the following:

"Special Issue No. 4. Do you find from the preponderance of the evidence that it was negligence on the part of the defendant or its said foreman to require and direct plaintiff to assist in handling the switch ties in the manner in which they were?"

The result of the jury's finding is that Foster was obeying his foreman in handling the ties with the assistance of only one other person; that they could be handled by two men, but that it was negligence on the part of the foreman to require the plaintiff to assist in handling them in the manner in which they were being handled.

The jury found that it was negligence on the part of the defendant to permit the switch block to be left where it was at the time of the accident and that such negligence was the proximate cause of the injury. We think the charge, considered as a whole, cannot be held to be confusing or the findings so uncertain or contradictory that a judgment could not be based thereon.

For the reasons stated, the judgment is reversed and the cause remanded.

**GRAVES, J.**

The appellee was awarded $550 damages for the failure of appellant to promptly deliver to him at Hempstead, Tex., a telegram sent from Huntsville, reading as follows:

> "Huntsville, Texas.
> "Jesse Gary, Hempstead, Texas.
> "Aunt Emma is dead.
> "Georgia Ann Butler."

In answer to special issues submitted to them, the jury found, first, that appellant by the use of ordinary care could have delivered the message to appellee in time for him to have reached Huntsville via the transportation facilities available for the funeral of deceased; second, that such relation between appellee and the deceased existed that he suffered mental anguish by reason of not receiving notice of her death in time to attend her funeral; and, third, that the appellant did not have any notice of such relationship at the time the message was sent.

An examination of the statement of facts discloses that this third and last-mentioned finding of the jury, if not undisputedly so, was so strongly supported by the evidence as to make it binding upon this court. That being true, the trial court had no alternative than to grant the appellant's motion for a peremptory instruction in its favor. That having been refused, this court is under the duty of now reversing and rendering the cause against the appellee. That order will be entered.

Reversed and rendered.

### WESTERN UNION TELEGRAPH CO. v. GARY.
#### No. 9483.

Court of Civil Appeals of Texas. Galveston.
March 26, 1931.

Albert Stone, of Brenham, and Francis R. Stark, of New York City, for appellant.

### McCRARY v. COATES.
#### No. 9535.

Court of Civil Appeals of Texas. Galveston.
March 6, 1931.